UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SHNIPES, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-00196 |
| v. | (MEHALCHICK, J.) |
| JOSHUA SHAPIRO, ESQ., et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a motion for reconsideration filed by Plaintiff John Shnipes. (Doc. 40). Therein, Shnipes requests this Court reconsider its Order dismissing his defamation claim against Defendant former Attorney General Joshua Shapiro ("Shapiro") because of high public official immunity. (Doc. 40, at 1). On February 2, 2022, Plaintiff John Shnipes ("Shnipes") commenced the instant action by filing a Complaint against the Commonwealth of Pennsylvania ("the Commonwealth"), Shapiro, Deputy Attorney General Rebecca A. Elo ("Elo"), Pennsylvania State Trooper Jennifer A. Kosakevitch ("Kosakevitch"), and Special Agent for the Attorney General's Office Ralph Zezza ("Zezza") (collectively, "Defendants") asserting claims under state law and 42 U.S.C 1983. (Doc. 1). For the following reasons, Shnipes's motion for reconsideration will be **DENIED**. (Doc. 40).

**I. BACKGROUND AND PROCEDURAL HISTORY**

Shnipes commenced the instant action by filing a Complaint against Defendants. (Doc. 1). In the Complaint, Shnipes set forth the following causes of action: malicious prosecution under 42 U.S.C § 1983 and common law against all Defendants (Counts I; III); malicious use and abuse of process under 42 U.S.C § 1983 and common law against all Defendants (Counts II; IV); a state law claim for tortious interference with contract against

all Defendants (Count V); a state law defamation claim against Shapiro (Count VI); and a breach of contract claim against all Defendants (Count VII). (Doc. 1). As relief, Shnipes requests declaratory judgment, compensatory damages, punitive damages, attorneys' costs and fees, and "any other relief this Court deems just and proper under the circumstances." (Doc. 1, ¶¶ 53, 65, 73, 81, 86, 91).

On April 18, 2022, Defendants moved to dismiss Count I-VII for failure to state a claim. (Doc. 6). On September 29, 2023, the Court granted in part and denied in part Defendants' motion to dismiss. (Doc. 37; Doc. 38). Relevant here, the Court dismissed Shnipes's defamation claim against Shapiro, Count VI, on account of high public official immunity. (Doc. 38, at 15-17). The Court raised this issue *sua sponte*. (Doc. 38, at 16). On October 13, 2023, Shnipes filed a motion for reconsideration. (Doc. 40). On October 23, 2023, Shnipes filed a brief in support. (Doc. 42). Defendants have not filed a brief in opposition.[1] For the following reasons, Shnipes's motion will be **DENIED**.

## II.  STANDARD OF LAW

### A. MOTION FOR RECONSIDERATION

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court

---

[1] Whereas Shnipes's motion may be deemed unopposed, the Court prefers to resolve matters on the merits. "[T]he Court is not required to grant every unopposed motion[.]" *Walsh v. United States*, No. CIVA 1:05CV0818, 2006 WL 1670298, at 1 n.3 (M.D. Pa. June 15, 2006). Thus, the Court will afford the instant motion for reconsideration substantive review.

granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.,* 884 F. Supp. 937, 943 (E.D.Pa.1995).

### III. DISCUSSION

Shnipes argues that the Court incorrectly dismissed his defamation claim against Shapiro because of high public official immunity. (Doc. 40, at 1). Shnipes requests the Court review its application of high public official immunity for two reasons. (Doc. 40, at 1). First, Shnipes contends that because it is not the Attorney General's "duty to label an innocent man a criminal after Plaintiff's criminal charges were dismissed," immunity was improperly applied. (Doc. 40, at 3). Second, Shnipes takes issue with the Court's *sua sponte* application of high public official immunity. (Doc. 40, at 8-9). Upon a careful and thorough review Shnipes's arguments, the Court finds no grounds for granting the motion for reconsideration at this time.

    A.  SHAPIRO MADE THE ALLEGEDLY DEFAMATORY STATEMENTS PURSUANT TO HIS OFFICIAL DUTIES

Shnipes submits that Shapiro's August 20, 2021, written press statement was not made in the Attorney General's official capacity. (Doc. 40, at 3-4). According to his Complaint, Shapiro's statement to the press was as follows: "As a result of this [non- prosecution] agreement made 8 years ago, prior to a full investigation into Mr. Shnipes' criminal conduct, our office sees no way forward in achieving accountability for this defendant and justice for his victims." (Doc. 1, ¶ 36). Shnipes avers that this statement was not related to any on-going

criminal case or conviction and was the product of "sour grapes" and "grandstanding." (Doc. 40, at 4). Thus, it was made outside the scope of Shapiro's official duties.

The Court disagrees. "It is well settled that suits for damages by individuals against state governments, state agencies, or state officers acting in their official capacities are barred by the Eleventh Amendment." *Hawkins v. Brooks*, 694 F. Supp. 2d 434, 447 (W.D. Pa. 2010); *see also Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991) (The Eleventh Amendment "bars a suit against state officials in their official capacity[.]"). Claims for monetary damages against government officials are also barred by the Pennsylvania Sovereign Immunity statute. 42 Pa. Cons. Stat. Ann. § 8522. This protection extends to defamation claims lodged against government officials acting within the scope of their duties. *See Muhammad v. Weikel*, No. 1:19-CV-1373, 2019 WL 4687196, at *4 (M.D. Pa. Sept. 26, 2019) ("Defendants are protected from Plaintiff's defamation claim under the doctrine of sovereign immunity"); *see also Wicker v. Shannon*, No. 3:09-CV-1629, 2010 WL 3812351, at *9 (M.D. Pa. Sept. 21, 2010). Accordingly, so long as Shapiro was acting in the scope of his duties as Attorney General, he cannot be held liable for defamation.[2]

---

[2] In Pennsylvania, high public officials are also offered an absolute privilege "from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers." *Cutler v. Bellefonte Area Sch. Dist.*, 97 F. Supp. 3d 586, 588 (M.D. Pa. 2015) (citing *Smith v. Borough of Dunmore*, 633 F.3d 176, 181 (3d Cir.2011) (quoting *Lindner v. Mollan*, 544 Pa. 487, 677 A.2d 1194, 1195 (Pa.1996))). Courts have recognized attorney generals to be high public officials. *See Kelleher v. City of Reading*, No. CIV. A. 01-3386, 2001 WL 1132401, at *4 (E.D. Pa. Sept. 24, 2001) (listing figures deemed to be high public officials). In their original briefing on this matter, the parties dispute the application of sovereign immunity, but not high public official immunity. (Doc. 11, at 17-18; Doc. 17, at 22-24). While the Court previously applied high public official immunity to find Shnipes's defamation claim was barred, the Court recognizes both forms of immunity require a showing that Shapiro was acting pursuant his official duties. *See Cutler*, 97 F. Supp. 3d at 588; *Muhammad*, 2019 WL 4687196, at *4.

It is apparent from the face of the complaint Shapiro's written statement was published in the scope of his role as Attorney General and pursuant to his official duties. First, Shapiro explicitly makes the statement on behalf of his office, stating, "*our office* sees no way forward in achieving accountability for this defendant and justice for his victims." (emphasis added) (Doc. 1, ¶ 36). The Complaint concedes this, as Shnipes alleges "Shapiro and his office issued [the] written statement." (Doc. 1, ¶ 36). Second, the statement indisputably relates to a case that had been pursued by the Attorney General's office. (Doc. 1, ¶ 36). "It has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation." *Pawlowski v. Smorto*, 403 Pa.Super. 71, 588 A.2d 36, 41 (Pa. Super. Ct. 1991); *see also Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 275 A.2d 53 (1973); *see also Mikulak v. Edwards*, No. 3:15-CV-2330, 2017 WL 10295925, at *9 (M.D. Pa. Dec. 22, 2017), *report and recommendation adopted*, No. 3:15-CV-2330, 2018 WL 4604541 (M.D. Pa. Sept. 25, 2018). According to the Supreme Court, "[s]tatements to the press may be an integral part of a prosecutor's job, and they may serve a vital public function."[3] *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993) (internal citations omitted). "Repeatedly, courts applying Pennsylvania law have found that a District Attorney speaking at a press conference to inform the public regarding a matter pending in his office is acting within the scope of his duties." *Price v. Baldwin*, No. CIV.A. 03-2341, 2008 WL 857531,

---

[3] Important to this case, prosecutorial immunity has been found not to apply to state law claims for defamation arising out of a prosecutor's statements to the press. *Pinkney*, 2020 WL 1985037, at *8 n.9; *see also Garcia v. Casey*, 2020 WL 718301, at *9 (N.D. Ala. Feb. 12, 2020).

5

at *4 (E.D. Pa. Mar. 27, 2008) The same principles may be applied here to the Attorney General.

In this case, Shapiro's statements were pertinent to his case against Shnipes. According to the Complaint, Shapiro published the statement to inform the public that his office could not pursue charges against Shnipes because of a long-standing prosecution agreement. (Doc. 1, ¶ 36). Thus, while the statement was made at the end of Shnipes's case, the Court finds no support for Shnipes's contention that the statement was made outside the scope of an ongoing criminal case. (Doc. 40, at 3-14); *see Pinkney v. Meadville, Pennsylvania*, No. 1:19-CV-167, 2020 WL 1985037, at *7 (W.D. Pa. Apr. 27, 2020) (finding press statements made by an Assistant District Attorney related to the dismissal of charges were protected by immunity even though, in essence, they were potentially excessive and defamatory, because "they related to an ongoing criminal investigation and potential future prosecutorial action."). Accordingly, the Court finds it clear from the face of the Complaint that Shapiro was acting pursuant to his official duties when he issued the alleged defamatory written press statement.

B. THE COURT'S *SUA SPONTE* APPLICATION OF HIGH PUBLIC OFFICIAL IMMUNITY

Shnipes contends the Court improperly raised the issue of high public official immunity *sua sponte*. (Doc. 40, at 4). In appropriate cases, this Court is entitled to address immunity defenses *sua sponte*. *See Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001) (affirming defendants were entitled to qualified immunity after the issue was first raised *sua sponte* in a Magistrate Judge's report and recommendation); *see also Njos v. Carney*, No. 3:12-CV-01375, 2017 WL 3217690, at *2 n.1 (M.D. Pa. July 28, 2017) (explaining the Court's authority to raise immunity issues *sua sponte*). However, "[s]ua sponte dismissal of a claim is disfavored and inappropriate unless the basis for dismissal is apparent from the facts of the complaint." *Wise*

*v. United Parcel Serv., Inc.*, No. 1:18-CV-01989-SHR, 2019 WL 1896605 (M.D. Pa. Apr. 29, 2019); *see Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002).

This Court previously found it apparent from the face of the Complaint that high public official immunity shields Shapiro from liability for Shnipes's defamation claim. (Doc. 37, at 15). Upon consideration of Shnipes's arguments, the Court will allow further briefing on this issue. Accordingly, the Court will request supplemental briefs from each party on the issue of high public immunity.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion for reconsideration (Doc. 40) is **DENIED**. The Court requests that each party submits a brief on the issue of high public official immunity for its consideration. The Court will allow 14 days for each party to submit their briefs on this issue only, and seven days for each party to submit a reply to each other's briefs.

An appropriate Order follows.

**Dated: March 19, 2024**               s/ Kardine Mehalchick
                                         **KAROLINE MEHALCHICK**
                                         **United States District Judge**