# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHN SHNIPES,

                Plaintiff,

v.

JOSHUA SHAPIRO ESQ, et al.,

                Defendants.

CIVIL ACTION NO. 3:22-CV-00196

(MEHALCHICK, J.)

## MEMORANDUM

Before the Court are two objections lodged by Defendant Senior Deputy Attorney General Rebecca Elo ("SDAG Elo") to questions asked during her deposition on June 26, 2025, by Plaintiff John Shnipes. ("Plaintiff"). (Doc. 78; Doc. 79). Plaintiff initiated the instant case against Defendants, the Commonwealth of Pennsylvania ("the Commonwealth"), former Attorney General Joshua Shapiro ("Shapiro"), Deputy Attorney General Rebecca A. Elo ("SDAG Elo"), Pennsylvania State Trooper Jennifer A. Kosakevitch ("Kosakevitch"), and Special Agent for the Attorney General's Office Ralph Zezza ("Zezza") (collectively "Defendants"), on February 22, 2022. (Doc. 1). On June 24, 2025, Plaintiff filed a letter with the Court requesting a discovery conference.[1] That same day, the Court held a telephonic discovery hearing to discuss issues arising out of SDAG Elo's scheduled deposition. (Doc.

---

[1] In his first letter to the Court, Plaintiff alleges that Defendants have failed to produce all relevant reports and materials. (Doc. 76). Because the Court will extend the discovery deadlines to allow both parties sufficient time to review all discoverable materials, this issue may be revisited if, after the revised deadline, Plaintiff has a reasonable basis to believe Defendants have not fully produced the requested materials.

77). The Court directed the parties to file letter briefs addressing these issues. (Doc. 77). On June 30, 2025, both Plaintiff and SDAG Elo filed their briefs. (Doc. 78; Doc. 79). The Court held another discovery conference on July 3, 3035 to clarify the issues before the Court and the rulings sought. (Doc. 80). Accordingly, the Court will address these issues as detailed on the call and within the parties' filings.

## I.    DISCOVERY STANDARD

Rulings regarding the proper scope of discovery are matters consigned to the Court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

> Fed. R. Civ. P. 26(b)(1).

> Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that: On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensber P.C.*, No. 2:18-CV-0345, 2022 WL 1642304, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009)).

## II.  DISCUSSION

The instant discovery dispute arises from the deposition of SDAG Elo. (Doc. 78, at 1-2). During her deposition, Defense counsel objected to two of Plaintiff's counsel's questions and instructed SDAG Elo not to answer. (Doc. 78, at 1). The first objection concerned the disclosure of grand jury material, and the second objection concerned prosecutorial discretion. (Doc. 78, at 1). Acknowledging that prosecutorial discretion is not a proper basis for an objection during a deposition, Defense counsel now bases their second objection on relevancy. The Court will address each objection in turn.

### A.  GRAND JURY SECRECY OBJECTION

During her deposition, SDAG Elo disclosed that the Non-Prosecution Agreement Plaintiff entered into with the Lackawanna County District Attorney's Office was presented to the grand jury. (Doc. 78, at 1). Following this admission by SDAG Elo, Plaintiff's counsel asked her a question about the manner in which the document was disclosed. (Doc. 78, at 1).

Defense counsel objected to this question based on the principles of grand jury secrecy. (Doc. 78, at 1). For the following reasons, the Court will uphold this objection.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). The Supreme Court has therefore cautioned against "unnecessarily [lifting] the veil of secrecy" of grand jury proceedings where such an action may be avoided. *Douglas Oil Co. of California*, 441 U.S. at 219. Grand jury secrecy extends beyond the course of the proceedings, as "interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *United States v. Smith*, 123 F.3d 140 (3d Cir. 1997) (quoting *Douglas Oil Co. of California*, 441 U.S. at 222). Only in very limited circumstances may interested parties gain access to grand jury materials. To do so, they must demonstrate that "the need for [access] outweighs the public interest in secrecy, and ... the burden of demonstrating this balance rests upon the private party seeking disclosure." *Douglas Oil Co. of California*, 441 U.S. at 223.

In Pennsylvania, the "rules of grand jury secrecy apply to 'anything which may reveal what occurred before the grand jury,' including '[r]ecords, orders and subpoenas relating to grand jury proceedings. . . '" *In re 2014 Allegheny Cnty. Investigating Grand Jury*, 181 A.3d 349, 357 (Pa. Super. 2018), *aff'd*, 223 A.3d 214 (Pa. 2019). "Pennsylvania's grand jury process is 'strictly regulated,' and [it is] the supervising judge [who] has the singular role in maintaining the confidentiality of grand jury proceedings." *In re Dauphin Cnty. Fourth Investigating Grand Jury*, 610 Pa. 296, 318, 19 A.3d 491, 504 (2011) (quoting *Camiolo v. State Farm Fire and Casualty Co.*, 334 F.3d 345, 356 (3d Cir. 2003));. Thus, "[a]ll [] attorneys, jurors, stenographers, interpreters, typists, or operators of recording devices must obtain approval from the [grand

jury] supervising judge before violating their oath of secrecy" and revealing matters that occurred during grand jury proceedings. *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991).

Defense counsel bases their first objection on the proposition that "[a]s with federal grand jury restrictions, [in Pennsylvania] disclosure of the way in which information was presented to grand jury, specific questions and inquiries of grand jury, deliberations and vote of grand jury, targets upon which grand jury's suspicion focused, and specific details of what took place before grand jury is strictly prohibited." (Doc. 78, at 2) (internal quotes omitted) (citing *United States v. Shober*, 489 F. Supp. 393 (E.D. Pa. 1979); *Fierman v. Doherty*, No. 1:15-CV-1427, 2016 WL 6879605, at *5 (M.D. Pa. Nov. 22, 2016); *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990)). Defense counsel asserts, "[t]his is exactly what plaintiff's counsel now seeks. SDAG Elo plainly cannot disclose how the agreement was presented to the grand jury if there were any specific questions or inquiries of grand jury and specific details of what took place before the grand jury." (Doc. 78, at 2). Plaintiff's counsel responds that grand jury secrecy cannot be used by Defendants "as a sword and a shield," to "facilitate the government's violation of civil rights. (Doc. 79, at 5). Instead, as Plaintiff's counsel sees it, "this Court has the discretion to determine whether the requested information is a matter occurring before the grand jury and thus protected from disclosure." (Doc. 79, at 6). Furthermore, Plaintiff's counsel believes that any privilege associated with the Non-Prosecution Agreement's disclosure at the grand jury proceedings was waived because SDAG Elo was the one who disclosed that it was presented to the grand jury. (Doc. 79, at 6). This Court disagrees. The law is clear: grand jury secrecy applies to all materials and matters that come before the grand jury. *See In re 2014 Allegheny Cnty. Investigating Grand Jury*, 181 A.3d

349, 357 (Pa. Super. 2018), *aff'd*, 223 A.3d 214 (Pa. 2019). While this information may be disclosed in very limited circumstances, such as when there is a great public interest that outweighs the need for secrecy, no such circumstance has been presented in this case. *Douglas Oil Co. of California*, 441 U.S. at 223. Moreover, this Court must defer any decision regarding the disclosure of grand jury materials to the grand jury supervising judge.[2] *See Puricelli*, 136 F.R.D. at 396. Accordingly, Defense counsel's objection to this question will be sustained.

B. RELEVANCY OBJECTION

Defense counsel's second objection concerns a question posed by Plaintiff's counsel regarding SDAG Elo's decision not to prosecute other individuals allegedly involved with the crimes Plaintiff was accused of. (Doc. 79, at 3). Defense counsel originally objected to this line of questioning on the basis of "prosecutorial discretion." (Doc. 78, at 3-4). However, during the second discovery conference held by the Court to address these outstanding discovery issues, Defense counsel conceded that, upon further research, they agree with Plaintiff's counsel that this basis for objection is without merit. Defense counsel instead maintained their objection on the basis of relevancy, arguing that the question posed by Plaintiff's counsel seeks information that is irrelevant to the instant matter. Plaintiff's counsel asserted that the question is directly relevant, as it goes to SDAG Elo's underlying decision and motivation to prosecute Plaintiff.

---

[2] In anticipation of this finding by the Court, Plaintiff's counsel requests that this Court compel Defendants to "jointly [with Plaintiff] petition the state supervising judge for disclosure of all grand jury materials." (Doc. 79, at 7). However, this Court finds no basis upon which it can compel Defendants to do so. Thus, it will leave that decision to Defendants and their counsel.

Unlike objections based on various privileges lodged during a deposition, "relevancy objections should be preserved on the record and the witness allowed to answer." *Pennsylvania State Lodge Fraternal Ord. of Police v. Twp. of Springfield*, No. CV 23-332, 2023 WL 3674340, at *4 (E.D. Pa. May 25, 2023) (citing *Hearst/ABC-Viacom Ent. Servs. v. Goodway Mktg., Inc.*, 145 F.R.D. 59, 63 (E.D. Pa. 1992)). Defense counsel has been unable to substantiate their second objection with an applicable privilege or legal basis upon which SDAG Elo may be directed not to answer the question posed. Thus, this Court concludes that Plaintiff's counsel is entitled to ask SDAG Elo about her decision to prosecute Plaintiff as opposed to other individuals. Defense counsel's objections may be preserved on the record, however, absent privilege, SDAG Elo must respond to the questions posed by Plaintiff's counsel. Defense counsel's second objection will therefore be overruled.

## III. CONCLUSION

Plaintiff's request for a 60-day extension of discovery deadlines is **GRANTED**. Defendant's objection to Plaintiff's counsel's question about the manner in which the Non-Prosecution Agreement was presented during grand jury proceedings is **SUSTAINED**. Defendant's relevancy objection to Plaintiff's counsel's question about why SDAG Elo chose not to prosecute other individuals aside from Plaintiff for similar related crimes is **OVERRULED**.

An appropriate Order follows.


Dated: July 10, 2025                          *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **United States District Judge**